And we'll hear argument next in Granger v. New York City Transit Authority, 17-1076. Good morning, your honors.  My name is Paul Deshefsky, I'm appearing on behalf of Robert Granger. And I think we could start out by pointing out that the lower court's decision in this case is telling in its failure to cite any authority regarding the granting of summary judgment. Likewise, it does not address the standards to be applied in determining a summary judgment motion. Assume that Judge Kogan well understands the standards that apply to summary judgment motions. Assuming that to be the case, we urge that not only did he apply the standards, he went contrary, and the reason we say that is because, number one, the district court evaluated the credibility of witnesses that he didn't have the advantage of observing in their testimony, including Emmanuel Encina, a high-ranking official of the Transit Authority. The lower court- What did he accept from Mr. Encina that is a material fact that you contend is in dispute? Well, at his deposition, Mr. Encina made a statement that he used the phrase medical incapacity concerning Robert Granger. When the district court confronted that witness statement, the district court said that there's no indication that Encina is a lawyer or was interpreting the ADA. So that in itself speaks to the lower court's trying to analyze the credibility of Mr. Encina's having made that statement. But doesn't that go, I may be wrong, but doesn't that go to whether your client is covered by the ADA? That is, whether his perceived condition is covered by the ADA? That is a very pointed observation, because it's our position that the Transit Authority- All of my observations are pointed, but go ahead. But the Transit Authority, in our view, regarded Mr. Encina as disabled, as being addicted to drugs, as being incapacitated by drugs. There's no indication that he was, but by- Assume that that's true, Mr. Duchovsky. I thought that the real argument was whether the Transit Authority had provided a legitimate non-scriminatory reason for not promoting him from the cleaner job to what he sought. Well, in our view, what the Transit Authority provided as reasons were really subterfuges. And if the district court had weighed the evidence in the light most favorable to Mr. Granger, that would have been found that there's an issue of fact. There's a question of whether Mr. Granger was permanently barred from being upgraded from a position of cleaner, though he had been a high level mechanic in the past, who Mr. Encina testified had all the competency, never had an attendance problem, and that sort of thing. He was given positions, though, was he not? He was given a position as a cleaner, and I mean, I have to point out that a cleaner is a far, far different position than a mechanic on a vehicle. Despite the fact that though they said he was a cleaner, they quote unquote upgraded him on occasions to perform safety sensitive jobs. And it was not until Mr. Granger filed a grievance saying that if he's performing these safety sensitive jobs as a cleaner, he should be compensated a higher rate. That's when the Transit Authority decided in the person of Mr. Encina to direct the supervisors to no longer, in their word, was upgrade Mr. Granger to this higher level position. And by doing that, by upgrading him to that higher level position, it raises a plausible argument that he was clearly eligible when he applied for the helper position, the cleaner helper position in October of 2014, which was still during the period before Mr. Encina had directed the supervisors to no longer upgrade him. So, as I understand it, both in his deposition and in the 56.1 statement that was filed, Mr. Granger acknowledged that the cleaner position was going to be pursuant to a stipulation that he had signed permanent. Well, that's a little ambiguous from a- What's ambiguous, the 56.1 statement, the deposition? The 56.1 statement correctly acknowledged that at some point he did come to that understanding, but there was no time frame on that particular paragraph of the 56.1. It's permanent. The time frame as far as when he came to that understanding. So, if he came to the understanding after he signed the agreement. What difference does that make? Because- If I think that something is permanent at the time or now, why is that less binding? Because he, in fact, filed a grievance concerning not being promoted, and he certainly became aware that the transit authority deemed it to be a permanent demotion at that time. And if he signed the stipulation, and he wasn't aware that it was permanent the time he signed it, that, I believe, makes a difference. Because later on, they clearly took the position that it was permanent. And in contrast, there was another employee who signed such a stipulation. Mr. McGarvey. No, it was an Edwin Little. And in his stipulation, it specifically said, this is permanent. In Mr. Granger's, that word was missing. It didn't say permanent. And as you obviously are aware, in that other individual, Mr. McGarvey, same thing, it was deemed not permanent, even though the transit authority had taken the position that it would be permanent. Both Mr. Little, arguably, Mr. Little and Mr. McGarvey represent different situations. They represent different situations except the same type of stipulation was signed. It was a similar stipulation. And Mr. Encina came out and said that it's his understanding of the policy that these things are always permanent, but there's no written policy. There's nothing of that nature. So that's a question of credibility that should go to a jury. You've reserved three minutes for rebuttal. Okay. Mr. Trinan. Did I pronounce that correctly? Trinan, Judge. Trinan, Trinan. May it please the court, my name is Robert Trinan. I'm an attorney with the Law Department at the Transit Authority, and I'm appearing on behalf of the appellees on this appeal. The single issue here is the claim that Mr. Granger was denied what's called an upgrade or promotion from the title of cleaner to the title of helper. That's the only issue. And the claim is that he was denied that upgrade or promotion based on illegal animus, that somebody that made that decision perceived him as being disabled. The evidence that was offered during discovery and that Judge Kogan considered about whether there was any evidence of animosity was one. The Encina deposition testimony, which is about 12 lines long, in which Mr. Deshefsky asked, would you consider this to be a medical incapacity? And I'm not clear what that testimony means, but what it doesn't mean is that Mr. Encina has some kind of animosity to Mr. Granger or toward Mr. Granger based upon some perceived disability. The other evidence that's offered by the appellant in this case was that on six or so occasions, he signed a union canvas to work overtime. The authority would provide that canvas sheet to the union representative. It would indicate the amount of hours and the title of the person that was being requested. And Mr. Granger on six occasions signed that as a helper, and he then was allowed to perform helper duties, which is essentially fueling buses. And when Mr. Encina found out about that, that he was working out of title, which he was, he put a stop to it. That's all the evidence of animosity in this record. And with respect to pretext, we respectfully submit that the authority has offered compelling. And which fully explains Mr. Granger's situation. Most obviously, the three titles at issue here are cleaner, cleaner helper, and helper. And the cleaner helper title was created 30 years ago. The individuals who occupy that title for the last 30 years have taken tests which require all the automotive skills necessary to be a helper. And the purpose of that dual title was to permit the authority when there was a helper vacancy to simply bump that person up or upgrade the person into the helper title. A promotion and a change of title from the dual title of cleaner helper to helper. Mr. Granger occupied the cleaner title. He was not eligible. And in addition, and equally important, the authority has a permanency rule that when someone is demoted from a safety sensitive title to a non-safety sensitive title. That demotion is permanent. Mr. Granger admitted that. And that has been the practice. And the authority produced five years of records to show that was always the case with two exceptions was not relevant here. If there are no questions, we would rest on the brief. Thank you very much. Thank you. Thank you, Mr. Lachesky. The issue of motivation was just presented. And I know that we all know that it's generally inappropriate to grant summary judgment where questions of a defendant's state of mind are at issue. And that's another reason why the lower court erred in granting summary judgment. We're looking at the state of mind of the transit authority when they chose not to allow Mr. Granger to be upgraded from being a cleaner. If we accept your proposition, doesn't every case then get a trial? Since we are supposed to look at motivation?  I could see a situation where, and it comes up very rarely, where it's frankly stated this was our motivation. Not a very common occurrence, but in a case like ours where it's not black and white that this is what was said, we have to piece together puzzle pieces. And- I understand that your client was in a position from which there could not be a promotion. And basically, he accepted that that was his position. Well, the plausibility of the facts in this case, if it went to a jury, it may be determined by a jury that at the time he signed that stipulation, he wasn't under the belief that it would be permanent. Because that's ambiguous. In the 56.1 statement, it was very short. That was acknowledged that, generally, I'm paraphrasing, without a specific time frame, it was understood that it would be permanent. That time frame could have been after he signed the stipulation. When he was deposed, Mr. Granger also said he didn't know if it was told to him before or after he signed the stipulation. Later on, in an affidavit that was provided on the motion, Mr. Granger said that it was not at the time that he signed the stipulation, but it was after. All these are witness credibility issues that are not appropriate for a district court to resolve on a summary judgment motion. Thank you very much. We'll reserve the decision. That concludes today's oral argument calendar and court is adjourned.